IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CEDRIC NICKERSON, | § |
| TDCJ-CID NO. 681323, | § |
|     Plaintiff, | § |
| v. | §   CIVIL ACTION NO. H-12-2721 |
| CORRECTIONAL MANAGED CARE | § |
| PROVIDERS, *et al.*, | § |
|     Defendants. | § |

ORDER

Plaintiff, a state inmate proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, raising claims of excessive force, cruel and unusual punishment, infliction of mental and emotional injury, retaliation, denial of medical care, and due process. (Docket Entry No.1). He also raised state tort claims of assault and battery, conversion, malpractice, and negligence. (Id.). The crux of plaintiff's claims center on the removal of restrictions from his health summary sheet, which include the removal of a "single cell, row 1" restriction in 2011, and plaintiff's attempts to have medical personnel restore the restrictions in 2012. (Id.).

The Court dismissed the complaint because plaintiff is subject to the three-strikes bar of 28 U.S.C. § 1915(g) and his complaint did not state facts to show that he met the exception to § 1915(g)'s bar. (Docket Entry No.4). Plaintiff has filed a Motion for Reconsideration, which the Court construes as a motion falling within the provisions of Rules 59(e) and 60(b) of the Federal Rules

of Civil Procedure. A Rule 59(e) motion to alter or amend "'calls into question the correctness of a judgment.'" Templet v. HydroChem Inc., 367 F.3d 473, 478 (5th Cir. 2004) (quoting In Re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)). Such a motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Id. at 479 (citing Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" Id. (quoting Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." Schiller v. Physicians Resource Grp., 342 F.3d 563, 567 (5th Cir. 2003). Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly. Templet, 367 F.3d at 479 (citing Clancy v. Employers Health Ins. Co., 101 F.Supp.2d 463, 465 (E.D.La. June 26, 2000)).

A district court may relieve a party from final judgment under Rule 60(b) on the basis of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other

misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b).

In the pending Motion for Reconsideration, plaintiff contends that dismissal under the three strikes bar is inappropriate because the Court did not cite the case name and style of each case that was dismissed under 28 U.S.C. § 1915(e)(2)(B). (Docket Entry No.9). Instead, the Court cited to <u>Nickerson v. Crites</u>, Civil Action No.2:11cv0097, which enumerated more than three of plaintiff's prior cases that had been dismissed under § 1915(e)(2)(B). Some of those cases cited by the <u>Crites</u> Court, which were dismissed as frivolous, malicious, or for failure to state a claim, include <u>United States v. Webb</u>, No.96040570 (5th Cir. 1997), <u>Nickerson v. Klevenhagen</u>, Civil Action No.4:95-cv-4089 (S.D. Tex. Mar. 13, 2000), and <u>Nickerson v. Justices of the Texas Supreme Court</u>, Civil Action No.2:03-cv-0411 (S.D. Tex. Dec. 2, 2003). Plaintiff cannot show that he is not subject to the three strikes bar of 28 U.S.C. § 1915(g) in light of the aforementioned cases that were cited by <u>Crites</u>. Accordingly, plaintiff fails to show his entitlement to relief under Rules 59(e) or 60(b).

Next, plaintiff contends that the Court failed to consider the allegations in his complaint and request for a temporary

restraining order and preliminary injunction and the supporting evidence in making its determination that he was not in imminent danger of serious physical injury at the time he filed the complaint. (Docket Entry No.9). Plaintiff claims in his pleadings and the instant motion that he suffers from a phobia/anxiety condition triggered by being confined in a cell with another inmate and from neuropathy and peripheral vascular disease ("PVD") that causes a loss of feeling and strength in his limbs, sometimes without warning. (Docket Entries No.1, No.9). Plaintiff claims that after he complained about the removal of his single cell restriction in 2011, Polunsky Unit officials removed his other housing and work restrictions, which resulted in housing conditions that have endangered his life. (Id.). He further claims that defendants have denied him accommodations for his disabilities, physically forced him to share a cell with another inmate, and denied his other medical needs. (Id.).

A prisoner may invoke the imminent danger exception to § 1916(g) only to seek relief from a danger imminent when the complaint is filed. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-13 (3rd Cir. 2001) (stating that "'[i]mminent' dangers are those dangers which are about to occur at any moment or are impending . . . [and] [s]omeone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that

past danger reasonably be described as 'imminent'"). Past dangers are not sufficient. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003). The injury must be "imminent or occurring at the time the complaint is filed." Fuller v. Wilcox, 288 Fed. Appx. 509, 511 (10th Cir. 2008) (quoting Ciarpaglini, 352 F.3d at 330). To satisfy the "imminent danger" exception, a complainant must offer "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id. at 511 (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)). Reliance on past injuries or harm, or offering vague or conclusory allegations, is insufficient. Id.; see White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998).

The cases in which courts find imminent danger of serious physical injury primarily involve a prisoner's complaint that essential medications are completely withheld or the prisoner is placed with inmates who have targeted him as an enemy. See Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004) (finding imminent danger of serious physical injury based on allegation that prison officials had withdrawn treatment for HIV and hepatitis, leading to severe complications and rapid deterioration); Ashley v. Dilworth, 147 F.3d 715 (8th Cir. 1998) (finding based on allegation that officials repeatedly placed prisoner near inmates on his enemy list

who had hurt the prisoner and prisoner alleged he had suffered harm twice as result).

Plaintiff signed his original complaint on August 27, 2012, and indicated that he mailed it on August 28, 2012. (Docket Entry No.1, page 17). He complained in such pleading that Estelle Unit officials assigned him a single cell located on row 3 on July 3, 2012. (Id., page 10). On July 5, 2012, the day he was scheduled to return to his assigned unit, i.e., the Polunsky Unit, plaintiff fell down a flight of stairs as he descended the stairs from row 2 to row 1. Plaintiff was cuffed because of his close custody status. (Id.) Plaintiff indicated that medical personnel determined that the fall was caused by the abrupt loss of leg strength associated with his neuropathy/PVD condition. (Id., page 11). A "fall-risk" band was placed on plaintiff's arm. (Id.).

After a brief hospitalization, plaintiff returned to the Estelle Unit on July 9, 2012. (Id.) He was transferred to the Estelle High Security Unit, where he encountered problems with housing and guards; he transferred back to the Polunsky Unit on July 12, 2012. (Id., page 12). On July 26, 2012, plaintiff returned to the Estelle Unit for physical therapy, where Estelle Unit medical personnel obtained a single cell, row 1 housing for him. (Id.). When plaintiff experienced problems on the Estelle High Security Unit with respect to a housing change, he filed a

6

life-endangerment form and subsequently appeared before the classification committee, which promoted him to medium custody. (Id., pages 13-14). He was transferred to the Estelle Unit. While in transit to the Estelle Unit, plaintiff's property was stolen. (Id., pages 14-15). After being seen in the infirmary for leg weakness and vomiting in early August 2012, medical personnel contacted the countroom staff to have plaintiff's restrictions changed to a single cell, 1 row housing assignment. (Id., page 15).

From August 3 to August 9, 2012, plaintiff was housed on 1 row within the Estelle Unit's administrative housing, where inmates in PHD, transit, solitary, SPCR are housed. (Id.). Plaintiff was informed on August 9th that he was being moved to row 3. Estelle Unit officials noted plaintiff's housing restrictions, but informed him they could not accommodate his row 1 housing restriction because there was no single-cell 1 row housing available on D-1 wing. (Id., page 16). A single cell was available on 3 row, which plaintiff was forced to accept. (Id.). Prison officials indicated that the assignment was temporary. At the time plaintiff filed the present complaint, he was still housed on 3 row. (Id.). Plaintiff indicated that he has sent in numerous requests to have his housing/work restrictions re-instated and for medical treatment. (Id.). He complained that he has not been escorted to the

infirmary; that he is rarely allowed to shower because of his inability to rear-cuff and that he faces serious risk of falling when he goes to row 1 or 2 to shower. (Id.). Plaintiff sought injunctive relief ordering TDCJ officials "to immediately re-assign plaintiff to a single cell, lower row housing, if available, within the general population of Estelle Unit." (Id.). He also sought injunctive relief ordering officials to provide a fan, to restore missing property, to schedule an appointment with specialists for his medical needs, and to restore his restrictions. (Id., page 17).

Plaintiff's complaint challenges the past conduct of prison officials from 2011 through late August 2012. Although plaintiff has attempted to establish a pattern of misconduct by prison authorities with respect to appropriate accommodations for his medical needs, his pleadings show that as of the day he filed the complaint and weeks before, prison officials had provided him with the only single-cell available on that part of the Estelle Unit. While plaintiff's fear of falling is justified, he fails to show that his housing assignment on row 3 constitutes imminent danger of physical harm. As plaintiff notes, the loss of feeling in his legs sometimes occurs without warning. Therefore, plaintiff and prison officials alike may only speculate when such an event will occur. Such speculation does not show that plaintiff faced a

real emergency at the time he filed the complaint with respect to his given cell assignment.

Plaintiff, therefore, fails to show his entitlement to relief under Rules 59(e) or 60(b). Accordingly, plaintiff's "Motion for Reconsideration" (Docket Entry No.9) is DENIED.

Plaintiff's motion for an emergency injunctive relief, filed days after the Court dismissed his complaint (Docket Entries No.7, No.8), and his application to proceed *in forma pauperis* (Docket Entry No.5), are DENIED, AS MOOT.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on October 22, 2012.

EWING WERLEIN, JR.
UNITED STATE DISTRICT JUDGE